IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02119-BNB

CHARLES WILLIAM FLETCHER III,

     Applicant,

v.

STEVEN HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

     Applicant, Charles William Fletcher III, is a prisoner in the custody of the

Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility

in Crowley, Colorado. Mr. Fletcher, acting *pro se*, initiated this action by submitting to

the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

Mr. Fletcher is challenging the validity of his conviction and sentence in the Arapahoe

County District Court in Case No. 99CR1397.

     On September 30, 2009, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.

On November 19, 2009, Respondents filed a Pre-Answer Response. Mr. Fletcher filed

a Reply on December 11, 2009. In the Reply, Mr. Fletcher asserts that Respondents

relied on the opening briefs he filed on direct appeal in Case No. 03CA182 and in his

petition for certiorari review in Case No. 06SC605 to support their argument that he had

failed to exhaust his state court remedies. Mr. Fletcher contends that the opening

briefs he filed in Case No. 09CA143 in the court of appeals and in Case No. 09SC406 in the Colorado Supreme Court demonstrate that he has exhausted his state court remedies in all of the claims he raises in this action. Magistrate Judge Boland, therefore, instructed Respondents to respond to Mr. Fletcher's Reply and provide the briefs that Mr. Fletcher claims he filed in Cases No. 09CA143 and 09SC406. Respondents filed a Response to Mr. Fletcher's Reply on February 8, 2010 and Mr. Fletcher filed a Reply to the Response on February 22, 2010.

The Court must construe Mr. Fletcher's Application and other pleadings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

Mr. Fletcher was convicted by a jury of attempted second degree murder, second degree kidnapping, first degree assault, two counts of aggravated robbery, two counts of second degree assault, conspiracy to commit aggravated robbery, and eight counts of habitual criminal and was sentenced to 320 years of incarceration. (Application at 2 and Pre-Answer Resp., Appx. A at 14 and 17.) Mr. Fletcher appealed the conviction. The Colorado Court of Appeals found errors in the mittimus and in the sentences and remanded the case to the trial court for correction. (Pre-Answer Resp., App. E at 23-24.) Mr. Fletcher petitioned for certiorari review; the petition was denied at the latest on June 28, 2007. (App. A at 17.)

Mr. Fletcher also filed (1) a Colo. R. Crim. P. 35(b) postconviction motion on November 14, 2007, that was denied by the trial court on November 20, 2007; and (2) a

Colo. R. Crim. P. 35(c) postconviction motion on February 19, 2008, along with a supplemental addendum to the February 19 motion that was denied on June 26, 2008.[1] (*Id.*) Mr. Fletcher appealed the denial of his Rule 35(c) postconviction motion; the court of appeals dismissed the appeal with prejudice on March 16, 2009; and the Colorado Supreme Court denied certiorari review on July 22, 2009. (*Id.* 17-19.) Respondents concede that Mr. Fletcher's Application appears to be timely under 28 U.S.C. § 2244(d).

Mr. Fletcher asserts eight claims, including (1) incorrect time-bar (untimely appeal); (2) Sixth Amendment violation due to juror's untruthfulness during voir dire; (3) right to speedy trial violation under Uniform Mandatory Disposition of Detainers Act (UMDDA); (4) Sixth Amendment violation due to juror sleeping during trial; (5) denial of right to fair trial because trial court failed to order a new trial when juror requested all jurors to join in prayer during deliberation; (6) reversible constitutional error by trial court in imposing time deadline for jury deliberation; (7) lack of original jurisdiction by sentencing court because district trial court failed to enter a valid appointment order for the civil court to conduct sentencing proceedings; and (8) ineffective assistance of counsel. Respondents concede that Claim Four is exhausted but assert that the

---

[1] The trial court denied Mr. Fletcher's supplemental addendum to his Rule 35(c) postconviction motion not only because his request for an abbreviated proportionality review lacked merit but because a convicted person must collaterally attack the validity of the conviction within the statutory time periods under Colo. Rev. Stat. § 16-5-402(1). The trial court found that eight years had passed since Mr. Fletcher was convicted, which is beyond the three-year limitation set forth in § 16-5-402(1). Respondents do not address this finding by the trial court. For purposes of § 16-5-402 if an appeal is pursued the conviction is not final until the appellate process is exhausted. *See People v. Hampton*, 857 P.2d 441, 444 (Colo. App. 1992). The Court finds and Respondents concur that the Colorado Supreme Court entered an order denying Mr. Fletcher's petition for certiorari review on June 28, 2007 in his direct appeal, which exhausted the state appellate process. (Pre-Answer Resp. at 6.) Mr. Fletcher filed his Rule 35(c) postconviction motion on February 19, 2008. The Rule 35(c) motion was filed within the time limitations under § 16-5-402.

remaining claims either have not been raised at all or, if raised, were not presented to the state courts as violations of federal constitutional law.

Whether or not it is conclusive that Mr. Fletcher exhausted his state court remedies, the Court may proceed to decide the merits of a habeas claim. 28 U.S.C. § 2254(b)(2). For the reasons stated below, the Court will dismiss Claims One, Three, and Seven pursuant to § 2254(b)(2).

Respondents contend that Claim One was not raised as a constitutional claim in state court. (Pre-Answer Resp. at 9-10.) Pursuant to § 2254(a), an applicant must state he is in custody in violation of the Constitution or laws or treaties of the United States. Mr. Fletcher does not challenge his conviction or sentence in Claim One. He challenges the state court procedure used to deny his postconviction motion. A challenge to state postconviction procedures is not cognizable under § 2254. **See Beeman v. Ortiz**, 161 Fed. Appx. 767, 769, 2006 WL 11322 (10th Cir. Jan. 3, 2006) (unpublished). Although Claim One will be dismissed, the claim provides support for finding that Claims Two and Eight are not procedurally defaulted. This issue will be discussed below.

In Claim Three, Mr. Fletcher argues that his right to a speedy trial was violated because the state court did not comply with the UMDDA, Colo. Rev. Stat. 16-14-102 (2)(3), which governs procedures for intrastate detainers. Mr. Fletcher, therefore, bases his speedy trial claim on state law. Section 2254 provides relief only for violations of federal law, not violations of state law. **See** 28 U.S.C. § 2254(d)(1); **Pulley v. Harris,** 465 U.S. 37, 41 (1984) ("[a] federal court may not issue the writ on the basis of a perceived error of state law"). Thus, a violation of the UMDDA will not sustain a § 2254 claim. **See Mills v. McKune**, 280 Fed. Appx. 711, 712, 2008 WL 2221849 ** 1 (10th

4

Cir. 2008) (unpublished).

Respondents contend that Claim Seven was not raised as a constitutional claim in state court. (Pre-Answer Resp. at 27.) Respondents assert that Mr. Fletcher cited to Colorado case law for the proposition that "[a]ny action taken by a Court when it lacked jurisdiction is a nullity," and to the Colorado Constitution for numerous other propositions. (*Id.* at 27.) Mr. Fletcher does not counter Respondents' argument. Although Mr. Fletcher did raise this claim in his Rule 35(c) postconviction motion when seeking certiorari review with the Colorado Supreme Court (Resp. to Applicant's Reply (Sec. Resp.), App. B2 at 13), review under § 2254 is limited to "violation[s] of the Constitution or laws or treaties of the United States," 28 U.S.C.§ 2254(a). This Court should not reexamine state-court determinations based on a state-law question. *McCormick v. Kline*, 572 F.3d 841 (10th Cir. 2009) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (federal habeas review does not lie for errors of state law) (citation and quotation marks omitted)).

Upon review of Claim Seven, the Court finds that Mr. Fletcher is challenging a county court's judicial authority to proceed in his sentencing without proper assignment of the case by the Chief Justice of the Colorado Supreme Court to the county court. Nothing in Mr. Fletcher's claims raise violations of the United States Constitution or laws and treaties of the United States. Furthermore, Mr. Fletcher concedes it is "likely that the judge would have been appointed to serve as an acting District Court judge had proper procedures been followed." (Application at 25.) Mr. Fletcher's claim is no more than a procedural oversight by the state courts and, like Claim One, is not cognizable under § 2254. Claim Seven will be dismissed pursuant to § 2254(b)(2).

As for Claims Two, Five, Six, and Eight, pursuant to 28 U.S.C. § 2254(b)(1), an

5

application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

6

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)). The adequacy of a state procedural bar, however, is not within the state's prerogative to decide, but rather is itself a federal question. *See Lee v. Kemna*, 534 U.S. 362, 375 (2002).

In his opening brief on direct appeal in state court, Mr. Fletcher raised Claims Five and Six. (*See* Pre-Answer Resp., App. C at 3-4.) Respondents, however, contend that Claim Five is unexhausted because Mr. Fletcher's brief reference to "U.S. Const. Amend. VI" at the end of his analysis does not fairly present a constitutional claim to the state courts. (Pre-Answer Resp. at 13.) Respondents further assert that Mr. Fletcher did not assert a constitutional issue regarding this claim in either his reply brief on direct appeal or in his petition for certiorari review before the Colorado Supreme Court. (*Id.*)

Upon review of Mr. Fletcher's opening brief, the Court finds that Mr. Fletcher asserted the juror's suggestion for a prayer during deliberation constituted misconduct and was prejudicial. (*See* Pre-Answer Resp., App. C at 31.) Mr. Fletcher also cited to *People v. Harlan*, 109 P.3d 616, 629 (Colo. 2005), for support of his prejudice claim

7

and stated that the request to pray was an introduction of extraneous information not properly before the jury, which created a reasonable possibility that a typical juror would vote to convict him. (*Id.*) In *Harlan*, the Colorado Supreme Court decided the issue of whether Bible material introduced in the jury room was prejudicial to the defendant and vacated the sentence based on jury misconduct. *Harlan*, 109 P.3d at 633. Furthermore, the Colorado Court of Appeals, relying on *Harlan*, found that the juror's conduct did not prejudice Mr. Fletcher. (Pre-Answer Resp., App. E at 16.) The court of appeals, therefore, decided this issue on the basis of juror misconduct.

A defendant has a right to an impartial jury. As stated above, Mr. Fletcher is not required to cite book and verse on the federal constitution. *Picard*, 404 U.S. at 278. He did assert, however, that the prayer had a prejudicial impact and violated his right to a fair trial in violation of the Sixth Amendment. (Pre-Answer Resp., App. C at 34.) The Court finds that Mr. Fletcher sufficiently raised a constitutional claim with respect to the issue of prayer during deliberation in the court of appeals. Claim Five, therefore, is exhausted.

Respondents argue that Claim Six is not exhausted because Mr. Fletcher failed to present the claim to the Colorado Supreme Court. In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Colorado law:

> [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and

> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1(a). In his concurring opinion in *O'Sullivan*, Justice Souter provided

an example of when state supreme court review is unavailable. *O'Sullivan*, 526 U.S. at

849. The language Justice Souter quoted is taken from a South Carolina Supreme

Court decision in *In re Exhaustion of State Remedies in Criminal and Post-

Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990), and mirrors the

language in Rule 51.1, in stating:

> a litigant shall not be required to petition for rehearing and
> certiorari following an adverse decision of the Court of
> Appeals in order to be deemed to have exhausted all
> available state remedies respecting a claim of error. Rather,
> when the claim has been presented to the Court of Appeals
> or the Supreme Court, and relief has been denied, the
> litigant shall be deemed to have exhausted all available state
> remedies.

*In re Exhaustion of State Remedies*, 321 S.C. at 564. Therefore, the Court finds that

review in the Colorado Supreme Court is not required to exhaust state remedies if the

claim in question was presented fairly to, and relief was denied by, the Colorado Court

of Appeals. The Court is not persuaded by Respondents' arguments to the contrary.

Furthermore, four circuit courts have concluded that state rules similar to Colo.

App. R. 51.1 eliminate the need to seek review in the state's highest court in order to

satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34

(3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v.

Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008,

1009-10 (9th Cir. 1999). "[T]here is nothing in the exhaustion doctrine requiring federal

courts to ignore a state law or rule providing that a given procedure is not available."

*See O'Sullivan*, 526 U.S. at 847-48. If a state articulates that a certain avenue for

relief is not part of its standard appellate review process, a defendant is not required to pursue that avenue in order to exhaust state remedies. *Id.* at 844-847. In adopting Colo. App. R. 51.1, the State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. The Court rejects Respondents' argument that Mr. Fletcher failed to exhaust Claim Six because the claim was not raised in the Colorado Supreme Court in a petition for writ of certiorari after the claim was presented fairly to and rejected by the Colorado Court of Appeals. Mr. Fletcher, therefore, has exhausted Claim Six.

With respect to Claims Two and Eight, Respondents argue that Mr. Fletcher did not raise these claims in his direct appeal and that he failed to file a timely appeal in his Rule 35(c) postconviction motion. (Sec. Resp. at 2.) Respondents contend that the Colorado Court of Appeals ruled that the appeal in the Rule 35(c) motion was not timely before Mr. Fletcher submitted an opening brief, but Mr. Fletcher filed a petition for certiorari review, in which he raised Claims Two and Eight. (*Id.* at 2-3.) Respondents further contend that Mr. Fletcher must exhaust his claims by completing a round of the State's established appellate review process, and an untimely appeal does not permit the state court to address the merits of his claims. (*Id.* at 4.) Respondents conclude that although Mr. Fletcher attempted to raise his claims in the petition for certiorari review in the Colorado Supreme Court his claims were defaulted, and the petition had no effect on the already defaulted claims. (*Id.* at 5.)

Mr. Fletcher argues that the trial court neglected to inform him that his Rule 35(c) postconviction motion had been denied. (Applicant's Reply to Sec. Resp. (Sec. Reply) at 1.) Mr. Fletcher further asserts he received the trial court's order that was entered on June 26, 2008, denying his supplemental addendum, and he subsequently filed a

motion on June 30, 2008, requesting a ruling by the trial court on his Rule 35(c) postconviction motion. (Sec. Reply at 1-2.) Mr. Fletcher also states that on August 25, 2008, he filed a motion for clarification of the June 26 order and a motion for request of status on October 16, 2008. (*Id.* at 2.) Finally, Mr. Fletcher asserts that on January 9, 2009 the trial court entered an order informing him that his Rule 35(c) postconviction motion had been denied, and on January 21, 2009 he filed a notice of appeal. (*Id.*)

To assist the Court in determining whether Mr. Fletcher has diligently attempted to exhaust Claims Two and Eight, the Court directed Respondents to file copies of the Rule 35(c) postconviction motion that Mr. Fletcher filed with the trial court on February 19, 2008, and the Rule 35(c) supplemental addendum he filed with the trial court on May 20, 2008. Respondents complied with the Court's Order on March 30, 2010. Upon review of the February 19 postconviction motion, the Court finds that Mr. Fletcher raised Claims Two and Eight in the motion. In the May 20 supplemental addendum to the Rule 35(c) motion, Mr. Fletcher sought an abbreviated proportionality review. The order entered by the trial court on June 26, 2008 addresses and denies only the proportionality review issue. (*See* Pre-Answer Resp. at App. B.)

It could be argued that the trial court intended to deny the entire Rule 35(c) postconviction motion as time-barred in its order of June 26, 2008. This Court, however, found above that Mr. Fletcher's Rule 35(c) motion was filed within the time allowed under Colo. Rev. Stat. § 16-5-402(1). See note 1, supra. Furthermore, Mr. Fletcher filed several inquiries regarding the status of his Rule 35(c) and not until January 9, 2009 did the trial court clearly state that Mr. Fletcher did not have a meritorious postconviction motion and that the June 26 order denied the postconviction motion.

Based on the above findings, the state court's procedural default determination is not adequate. It is not clear that the state procedural bar relied on by the state courts regarding timely appeals was "evenhandedly" applied to the claims Mr. Fletcher raised in his February 19 postconviction motion. *See Duvall v. Reynolds*, 139 F. 3d 768, 797 (10th Cir. 1998) (citing *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982) ("State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims."). The Court, therefore, will review the merits of Claims Two and Eight. Accordingly, it is

ORDERED that Claims One, Three, and Seven are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that the case and Claims Two, Four, Five, Six, and Eight shall be drawn to a district judge and a magistrate judge.

DATED at Denver, Colorado, this  19th   day of   April  , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02119-BNB

Charles William Fletcher III
Prisoner No.  65848
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 4|20|10

                                        GREGORY C. LANGHAM, CLERK

                                        By _____
                                                Deputy Clerk